Process Server/Sheriff
MAR 08 2021
SERVED KL

**Supreme Court of the State of New York**
**County of Nassau**

Index No. 601241/21

---

**ZELDA BOUCHER,**

*Plaintiff,*

-against-

**WAL-MART STORES EAST, LP, WAL-MART INC. and WAL-MART STORE #5293,**

*Defendants.*

---

Plaintiff designates Nassau County as the place of trial.

The basis of venue is Plaintiff's residence

Plaintiff resides in the County of Nassau, Sate of New York

**SUMMONS**

COUNTY OF NASSAU

To the above named Defendant(s):

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: February 1, 2021

NEWMAN, ANZALONE & NEWMAN, LLP
*Attorneys for the Plaintiff(s)*
Office and Post Office Address
95-25 Queens Boulevard
11th Floor
Rego Park, New York 11374

DEFENDANTS' ADDRESSES:

**WAL-MART STORES EAST, LP**
c/o Secretary of State
Albany, New York

**WAL-MART INC.**
c/o Secretary of State
Albany, New York

**WAL-MART STORE #5293**
77 Green Acres Road
Valley Stream, New York 11581

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

ZELDA BOUCHER,

*Plaintiff,*

**VERIFIED COMPLAINT**

-against-

**Index No.:** 601241/21

WAL-MART STORES EAST, LP, WAL-MART INC. and
WAL-MART STORE #5293,

*Defendants.*

Plaintiff, by her attorneys, NEWMAN, ANZALONE & NEWMAN, LLP, complaining of the Defendants respectfully states to the Court and alleges as follows:

1. That at all times herein mentioned, the Plaintiff, **ZELDA BOUCHER**, was and remains a resident of the County of Nassau, State of New York.

2. That upon information and belief, and at all times herein mentioned, the Defendant, **WAL-MART STORES EAST, LP**, was and remains a domestic corporation organized and existing by virtue of the laws of the State of New York.

3. That upon information and belief, and at all times herein mentioned, the Defendant, **WAL-MART STORES EAST, LP**, was and remains a foreign corporation authorized to do business within the State of New York.

4. That at all times herein mentioned, the Defendant, **WAL-MART STORES EAST, LP**, was and remains a partnership doing business in the State of New York.

5. That upon information and belief, and at all times herein mentioned, the Defendant, **WAL-MART STORES EAST, LP**, was and remains a business entity transacting business in the State of New York.

6. That at all times mentioned herein, the Defendant, **WAL-MART STORES EAST, LP**, was the lessee of a certain retail store premises located at 77 Green Acres Road, Valley Stream, in the County of Nassau, State of New York, pursuant to a lease agreement.

7. That at all times mentioned herein, the Defendant, **WAL-MART STORES EAST, LP**, maintained a place of business, i.e. a supercenter, located at 77 Green Acres Road, Valley Stream, in the County of Nassau, State of New York.

8. That at all times mentioned herein, the aforesaid supercenter premises was under the control of the Defendant, **WAL-MART STORES EAST, LP**, by its agents, servants and/or employees.

9. That at all times mentioned herein, the aforesaid supercenter premises was under the operation of the Defendant, **WAL-MART STORES EAST, LP**, by its agents, servants and/or employees.

10. That at all times herein mentioned, the aforesaid supercenter premises was under the maintenance and supervision of the Defendant, **WAL-MART STORES EAST, LP**, by its agents, servants and/or employees.

11. That upon information and belief, and at all times herein mentioned, the Defendant, **WAL-MART INC.**, was and remains a domestic corporation organized and existing by virtue of the laws of the State of New York.

12. That upon information and belief, and at all times herein mentioned, the Defendant, **WAL-MART INC.**, was and remains a foreign corporation authorized to do business within the State of New York.

13. That at all times herein mentioned, the Defendant, **WAL-MART INC.**, was and remains a partnership doing business in the State of New York.

14. That upon information and belief, and at all times herein mentioned, the Defendant, **WAL-MART INC.**, was and remains a business entity transacting business in the State of New York.

15. That at all times mentioned herein, the Defendant, **WAL-MART INC.**, was the owner of a certain retail store premises located at 77 Green Acres Road, Valley Stream, in the County of Nassau, State of New York.

16. That at all times mentioned herein, the Defendant, **WAL-MART INC.**, was the lessor

of the aforesaid retail store premises located at 77 Green Acres Road, Valley Stream, in the County of Nassau, State of New York.

17. That at all times mentioned herein, the Defendant, **WAL-MART INC.**, was the lessee of a certain retail store premises located at 77 Green Acres Road, Valley Stream, in the County of Nassau, State of New York, pursuant to a lease agreement.

18. That at all times mentioned herein, the Defendant, **WAL-MART INC.**, maintained a place of business, i.e. a supercenter, located at 77 Green Acres Road, Valley Stream, in the County of Nassau, State of New York.

19. That at all times mentioned herein, the aforesaid supercenter premises was under the control of the Defendant, **WAL-MART INC.**, by its agents, servants and/or employees.

20. That at all times mentioned herein, the aforesaid supercenter premises was under the operation of the Defendant, **WAL-MART INC.**, by its agents, servants and/or employees.

21. That at all times herein mentioned, the aforesaid supercenter premises was under the maintenance and supervision of the Defendant, **WAL-MART INC.**, by its agents, servants and/or employees.

22. That upon information and belief, and at all times herein mentioned, the Defendant, **WAL-MART STORE #5293**, was and remains a domestic limited partnership existing by virtue of the laws of the State of New York.

23. That upon information and belief, and at all times herein mentioned, the Defendant, **WAL-MART STORE #5293**, was and remains a foreign limited partnership authorized to do business within the State of New York.

24. That upon information and belief, and at all times herein mentioned, the Defendant, **WAL-MART STORE #5293**, was and remains a business entity transacting business in the State of New York.

25. That at all times mentioned herein, the Defendant, **WAL-MART STORE #5293**, was the owner of a certain retail store premises located at 77 Green Acres Road, Valley Stream, in the County of Nassau, State of New York.

26. That at all times mentioned herein, the Defendant, **WAL-MART STORE #5293**, was the lessor of the aforesaid retail store premises located at 77 Green Acres Road, Valley Stream, in the County of Nassau, State of New York.

27. That at all times mentioned herein, the Defendant, **WAL-MART STORE #5293**, was the lessee of a certain retail store premises located at 77 Green Acres Road, Valley Stream, in the County of Nassau, State of New York, pursuant to a lease agreement.

28. That at all times mentioned herein, the Defendant, **WAL-MART STORE #5293**, maintained a place of business, i.e. a supercenter, located at 77 Green Acres Road, Valley Stream, in the County of Nassau, State of New York.

29. That at all times mentioned herein, the aforesaid supercenter premises was under the control of the Defendant, **WAL-MART STORE #5293**, by its agents, servants and/or employees.

30. That at all times mentioned herein, the aforesaid supercenter premises was under the operation of the Defendant, **WAL-MART STORE #5293**, by its agents, servants and/or employees.

31. That at all times herein mentioned, the aforesaid supercenter premises was under the maintenance and supervision of the Defendant, **WAL-MART STORE #5293**, by its agents, servants and/or employees.

32. That at all times mentioned herein, the Plaintiff, **ZELDA BOUCHER**, was lawfully shopping within the aforementioned supercenter premises located at 77 Green Acres Road, Valley Stream, in the County of Nassau, State of New York, at the implied request and invitation of the Defendants.

33. That on the 30th day of June, 2020, while the Plaintiff, **ZELDA BOUCHER**, was lawfully within the aforesaid supercenter premises located at 77 Green Acres Road, Valley Stream, in the County of Nassau, State of New York, and more specifically on the 1st floor near row#19, located therein, suddenly and without any warning, she was caused to slip and fall due to the hazardous, defective, and dangerous conditions existing therein, thereby causing Plaintiff to be violently precipitated to the ground, due to the negligence and carelessness of the Defendant, and/or its agents, servants and/or employees in causing, permitting and allowing liquid and/or other slippery

substances to be and remain on the floor within the aforesaid premises.

34. That the Defendants, were negligent in allowing the floor within the aforesaid supercenter premises to be and remain for a long time, after actual and/or constructive notice, in an unsafe and dangerous condition, to the patrons of the premises in general and more particularly the Plaintiff, **ZELDA BOUCHER**.

35. That the Defendants were at all times under a duty to provide the Plaintiff with a safe place to walk and shop within the premises.

36. That the Defendant s were negligent in the maintenance, operation and control of the premises and in negligently permitting the floor to remain in a dangerous and defective condition as heretofore described after receiving notice of same by their agents, servants and/or employees.

37. That the Defendants were negligent in the ownership, maintenance, operation and control of the aforesaid superstore premises in failing to rectify the aforementioned dangerous and defective condition, in failing to warn Plaintiff of the aforesaid condition and in failing to give Plaintiff a safe passageway through the premises after receiving due notice of the aforesaid condition by their agents, servants and/or employees.

38. That the aforesaid accident occurred solely through the negligence, carelessness, and/or recklessness of the Defendants, and without any fault on the part of the Plaintiff herein.

39. By reason of the foregoing, Plaintiff, **ZELDA BOUCHER**, was rendered sick, sore, lame and disabled, and suffered severe, painful and permanent injuries to various parts of Plaintiff's person with accompanying pain; that Plaintiff continues to be sick, sore, lame and disabled, she has been incapacitated and has expended and become obligated to expend sums of money for medical care and attention in an effort to cure herself of her injuries and to alleviate her pain and suffering. She was unable and continues to be unable for some time to come, to pursue her usual activities and daily duties, all to her damage.

**WHEREFORE**, Plaintiff, **ZELDA BOUCHER**, has sustained injuries and damages in a sum greater than the jurisdictional limits of any lower court and as such, demands judgment on all causes of action stated herein against the Defendants.

Dated:     Rego Park, New York
              February 1, 2021

                                    Yours, Etc.

                                    GREGORY S. NEWMAN, ESQ.
                                    Newman, Anzalone & Newman, LLP
                                    Attorneys for Plaintiff
                                    95-25 Queens Boulevard
                                    11th Floor
                                    Rego Park, NY 11374
                                    (718) 896-2700

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK     )
                      )   ss.:
COUNTY OF QUEENS      )

I, GREGORY S. NEWMAN, ESQ., an attorney admitted to practice in the courts of New York State, state:

I am a member of the firm, **NEWMAN, ANZALONE & NEWMAN, LLP**, the attorneys of record for the Plaintiff in the within action; I have read the foregoing **SUMMONS AND VERIFIED COMPLAINT** and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by the Plaintiff is that the Plaintiff resides outside the county wherein I maintain office.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows: information gathered in my file.

I am over 18 years of age, I am not a party to the action, and I reside in Suffolk County in the State of New York.

Dated: Rego Park, New York

February 1, 2021

_____
GREGORY S. NEWMAN, ESQ.

Index No.: 601241/21

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

ZELDA BOUCHER,

*Plaintiff,*

-against-

WAL-MART STORES EAST, LP, WAL-MART INC. and WAL-MART STORE #5293,

*Defendants.*

### SUMMONS AND VERIFIED COMPLAINT

NEWMAN, ANZALONE & NEWMAN LLP
*Attorneys for Plaintiff*
95-25 Queens Boulevard, 11th Floor
Rego Park, New York 11374
Telephone: (718) 896-2700
Facsimile: (718) 896-2560

*Pursuant to 22 NYCRR 130.1-1, the undersigned, an attorney admitted to practice in the Courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated:* 02/01/2021    *Signed:* _____

*Service of a copy of the within*

*Dated:* _____ *Signed:* _____

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** Nassau
-------------------------------------------------------x
Zelda Boucher,

                Plaintiff(s)/Petitioner(s),         Index No. 601241/21

      - against -

Wal-Mart Stores East, LP, Wal-Mart Inc. and Wal-Mart Store
#5293,        Defendant(s)/Respondent(s).
-------------------------------------------------------x

## NOTICE REGARDING AVAILABILITY OF ELECTRONIC FILING
## SUPREME COURT CASES

PLEASE TAKE NOTICE that plaintiff(s)/petitioner(s) [defendant(s)/respondent(s)] in the case captioned above intends that this matter proceed as an electronically-filed case in the New York State Courts Electronic Filing System ("NYSCEF") in accordance with the procedures therefor, set forth in Uniform Rule 202.5-b and described below. Under that Rule, filing and service of papers by electronic means cannot be made by a party nor can electronic service be made upon a party unless that party has consented to use of the System for the case in question. Each party served with this Notice must promptly file with the court and serve on all other parties either a consent or a declination of consent to electronic filing and service through NYSCEF for this case. (See Instruction # 2 below.)

### General Information

Electronic filing offers significant benefits for attorneys and litigants, permitting documents to be filed with the County Clerk and the court and served, between or among consenting parties, by posting the documents on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. There is no fee to use the NYSCEF System, whether for filing, service, or consultation of the electronic docket, nor is there a charge to print documents from the docket. Normal filing fees must be paid, but this can be done by credit or bank card on-line. For additional procedures and information, see Uniform Rule 202.5-b, any e-filing protocol that may have been promulgated by the court in question, and the NYSCEF Website at www.nycourts.gov/efile.

## Instructions

1. Service of this Notice constitutes consent to e-filing and a statement of intent by the undersigned to use the NYSCEF System in this case. When an action or proceeding is being commenced through the NYSCEF System, this Notice must accompany service of the initiating papers.

2. Each party served with this Notice may consent to e-filing either: (i) by filing with the court and serving on all parties of record a consent to e-filing, or (ii) if an authorized e-filing user, by filing a consent electronically in the manner provided at the NYSCEF site. Parties who do not wish to consent must file and serve a written declination of consent. If one party or some but fewer than all parties consent, NYSCEF may be used by and between or among consenting parties.

3. Each participating attorney, unless already registered, or self-represented party must **PROMPTLY** create a NYSCEF account and obtain the confidential Filing User Identification Number and Password necessary to use the system. To create a NYSCEF account, go to www.nycourts.gov/efile, click the Create an Account link, and follow the instructions.

4. For additional information about NYSCEF, see the *User's Manual* and *Frequently Asked Questions* on the Website, or contact the court in question or the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov; mailing address: 60 Centre Street, New York, New York 10007).

Dated: 02/02/2021

_GNewman_ (Signature)

Gregory S Newman, Esq. (Name)

Newman Anzalone & Newman LLP (Firm)

95-25 Queens Blvd., 11th Fl (Address)

Rego Park, NY 11374

(718) 896-2700 (Phone)

(718) 896-2560 (Fax)

email@nanlawfirm.com (E-mail)

Attorney(s) for Plaintiff(s) - Zelda Boucher

6/4/14

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

-----------------------------------------------------------------X

ZELDA BOUCHER,

        Plaintiff,

  -against-

WAL-MART STORES EAST, LP, WAL-MART INC.
AND WAL-MART STORE #5293,

        Defendants.

-----------------------------------------------------------------X

Index No.: 601241/21

**VERIFIED ANSWER**

      The defendant, WAL-MART STORES EAST LP ISHA "WAL-MART STORES EAST, LP, WAL-MART INC. AND WAL-MART STORE #5293", by its attorneys, BRODY O'CONNOR & O'CONNOR, answering the Verified Complaint herein states upon information and belief:

      1: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "1" and each and every part thereof.

      2: Defendant denies the allegations set forth in paragraph marked "2" except admits that WAL-MART STORES EAST, LP is a foreign limited partnership registered to do and doing business in the State of New York.

      3: Defendant denies the allegations set forth in paragraphs marked "3", "4" and "5" except admits that WAL-MART STORES EAST, LP is a foreign limited partnership registered to do and doing business in the State of New York.

      4: Defendant denies the allegations set forth in paragraph marked "6" except admits that WAL-MART STORES EAST, LP was a sublessee of that portion of the premises comprising the Valley Stream Walmart store.

5: Defendant denies the allegations set forth in paragraphs marked "7" and "8" except admits that WAL-MART STORES EAST, LP was a sublessee of that portion of the premises comprising the Valley Stream Walmart store.

6: Defendant denies the allegations set forth in paragraph marked "9" except admits that WAL-MART STORES EAST, LP is the operator of the Valley Stream Walmart store.

7: Defendant denies the allegation set forth in paragraph marked "10" and refers all questions of law to the trial court.

8: Defendant denies the allegations set forth in paragraphs marked "11", "12", "13", "14", "15", "16", "17", "18", "19" and "20" except admits that WAL-MART STORES EAST, LP is a foreign limited partnership registered to do and doing business in the State of New York.

9: Defendant denies the allegation set forth in paragraph marked "21" and refers all questions of law to the trial court.

10: Defendant denies the allegations set forth in paragraphs marked "22", "23", "24", "25", "26", "27", "28", "29" and "30" except admits that WAL-MART STORES EAST, LP is a foreign limited partnership registered to do and doing business in the State of New York.

11: Defendant denies the allegation set forth in paragraph marked "31" and refers all questions of law to the trial court.

12: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "32" and each and every part thereof.

13: Defendant denies the allegations set forth in paragraphs marked "33" and "34" and each and every part thereof.

14: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "35" and refers all questions of law to the trial court.

15: Defendant denies the allegations set forth in paragraphs marked "36", "37" and "38" and each and every part thereof.

16: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "39" and each and every part thereof.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

17: The plaintiff was guilty of culpable conduct, including contributory negligence and/or assumption of risk, and should an award be made to plaintiff, same should be diminished in the proportion which the culpable conduct and/or contributory negligence and/or assumption of risk attributable to the plaintiff bears to the culpable conduct and/or negligence which caused the damages.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE

18: In the event that plaintiff recovers judgment against this answering defendant and it is determined that plaintiff's damages was caused in whole or in part by two or more joint tortfeasors, then defendant's liability herein for non-economic loss may not exceed its equitable share of said damages in accordance with its relative culpability, as provided by Section 1601 of the CPLR.

AS AND FOR A THIRD AFFIRMATIVE DEFENSE

19: Plaintiff's recovery, if any shall be reduced by the amount of any collateral payments received, in accordance with CPLR Section 4545.

WHEREFORE, defendant, WAL-MART STORES EAST LP ISHA "WAL-MART STORES EAST, LP, WAL-MART INC. AND WAL-MART STORE #5293", requests judgment dismissing the Complaint herein, together with costs and disbursements of this action.

Dated: Northport, New York
       March 16, 2021

                                    Yours, etc.

                                    BRODY O'CONNOR & O'CONNOR
                                    Attorneys for Defendant


                                    By: _____
                                        PATRICIA A. O'CONNOR
                                        7 Bayview Avenue
                                        Northport, New York  11768
                                        (631) 261-7778
                                        File No.: WM 21-209 PC

TO:   NEWMAN, ANZALONE & NEWMAN, LLP
      Attorneys for Plaintiff
      95-25 Queens Boulevard, 11th Floor
      Rego Park, New York  11374
      (718) 896-2700

## AFFIRMATION BY ATTORNEY

The undersigned, an attorney admitted to practice in the Courts of the State of New York, shows:

That affirmant is the attorney for the defendant in the within action; that affirmant has read the foregoing Verified Answer and knows the contents thereof; that the same is true to the affirmant's knowledge, except as to the matters therein stated to be alleged on information and belief; and that as to those matters, affirmant believes it to be true.

Affirmant further says that the reason this Verification is made by deponent and not by the defendant is that defendant is a foreign limited partnership.

The ground of belief as to all matters not stated upon deponent's knowledge are documents, correspondence and records maintained in your deponent's files and conversations and conferences has with the defendant.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: Northport, New York
       March 16, 2021

_____
PATRICIA A. O'CONNOR